IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CHAYA SARA BAR-CHAIM,

            Plaintiff,

     -against-

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICERS
JOHN DOES 1 – 10 in their official and individual
capacity,

           Defendants.

-------------------------------------------------------------X

Civil case No.: 18-CV-5065

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Chaya Sara Bar-Chaim ("Chaya" or "Plaintiff"), by and through her attorneys, Tamir Law Group P.C., complaining of the defendants herein, respectfully alleges, upon information and belief:

## NATURE OF THE ACTION

1. This action is brought by Chaya for monetary relief for the violation of her Civil Rights pursuant to 42 U.S.C. §§ 1983 and 1988; false arrest/false imprisonment; emotional distress; monetary loss; and legal expenses.

## JURISICTION AND VENUE

2. This court has jurisdiction over this action, pursuant to 28 U.S.C. §1331 for all civil actions arising under the Constitution, and pursuant to 42 U.S.C. §1983 for the deprivation and violation of Chaya's civil rights.

1

3. The causes of action alleged herein arose in the County of Kings, Eastern District of New York.

## PARTIES

4. Plaintiff, Chaya, at the time of the incidents herein mentioned was a resident of the County of Kings and the State of New York.

5. Plaintiff, Chaya, currently resides in the State of Pennsylvania.

6. Defendant City of New York (the "City"), at all times herein mentioned was and still is a municipal organization organized under the laws of the State of New York.

7. Defendant City was at all times relevant herein the public employer of defendant New York City Police Department ("NYPD", and referred to collectively with the City as "City Defendants").

8. That upon information and belief, at all times herein mentioned, NYPD, was and still is a domestic entity organized and existing under and by virtue of the laws of the City of New York.

9. At all times relevant herein, NYPD was, and is, a municipal agency of the City.

10. At all times relevant herein, NYPD was acting under color of the laws, statutes, ordinances, regulations, policies, customs, and/or usages of the City, and acting for, and on behalf of, and with the power and authority vested in it by the City.

11. At all times herein mentioned, Defendants Police Officers John Doe 1 - 10 , are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of defendant City, as employees of the NYPD, a municipal agency of defendant City. At all times relevant herein, the individual defendants were acting under the color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the City and the NYPD; in the course

and scope of their duties, they functioned as officers, agents, servants, and employees of the City Defendants; they were acting for, and on behalf of, and with the power and authority vested in them by the City Defendants; they were otherwise performing in the course of their duties. They are being sued individually and in their official capacities.

12. Defendant City was at all times relevant herein the public employer of Defendants Police Officers John Does 1 - 10.

13. Chaya has complied with all the conditions precedent set forth in the General Municipal Law 50-E.

14. Plaintiff served a Notice of Claim upon the City of New York within ninety (90) days after the claim arose and more than thirty (30) days have elapsed since the service of the Notice of Claim.

15. Plaintiff commenced this action within one (1) year and ninety (90) days after the cause of action accrued.

## STATEMENT OF FACTS

16. On or about June 11, 2017, Police Officers John Does 1 – 10 arrested Chaya without probable cause in front of the residence where she had been staying located at 4 East 95th Street.

17. On or about June 11, 2017, Chaya was staying in an upstairs room in the residence where she had lived for approximately two weeks prior to her arrest. The residence had a separate entrance for an apartment located downstairs as well as one for an upstairs apartment.

18. Chaya stayed at the residence with her then boyfriend Orenzso Bovell.

19. Upon information and belief, at least one additional roommate resided in the upstairs apartment on that date.

20. Chaya's boyfriend informed her that she could stay at the residence.

21. Chaya believed that she could legally stay at the residence.

22. Upon information and belief, there had been a shooting incident in the neighborhood near the residence either the night before or earlier that morning on October 11, 2017.

23. Upon information and belief, the shooting victim alleged that Chaya's boyfriend was the one who had shot him.

24. Upon information and belief, officers of the NYPD, and specifically Police Officers John Does 1 – 10, came to the residence in connection with the aforesaid shooting.

25. Police Officers John Does 1 – 10 threatened to sic dogs on Chaya, who was upstairs when the police arrived, if she refused to exit the residence.

26. Outside the residence, Chaya was detained, placed in handcuffs, placed in a police car, and taken to the 77th Precinct in Brooklyn for questioning.

27. Police Officers John Does 1 – 10 deceptively told Chaya when they took her to the police station that she was being questioned as a witness, but that she was not under arrest.

28. At the 77th Precinct, Police Officers John Does 1 – 10 kept Chaya in an interrogation room at the 77th Precinct and asked her questions purportedly about the shooting for approximately 24 hours.

29. During this time period, Police Officers John Does 1 – 10 informed Chaya that she was not under arrest, but would not allow her leave the police station.

30. Chaya remained in the room where she was questioned overnight until Monday.

31. Chaya contacted her attorney, Isaac Zaki B. Tamir, Esq. who arrived on Monday, the following day.

32. Police Officers John Does 1 – 10 informed Mr. Tamir that Chaya was considered a witness and was not a suspect in the aforementioned shooting incident.

33. Mr. Tamir left the station, but Chaya remained in the interrogation room.

34. Only after Mr. Tamir left the precinct, did Police Officers John Does 1 – 10 then proceed to announce to Chaya that she was under arrest, and charged her with second degree criminal trespass, fourth degree criminal possession of marijuana, third degree criminal possession of a firearm, and second degree criminal possession of a loaded firearm.

35. Upon information and belief, Police Officers John Does 1 – 10 allegedly located the illegal items, i.e. the marijuana and firearm, at the residence a day after taking Chaya to the 77th Precinct.

36. However, at her arraignment the next day on Tuesday, June 13, 2017, the Kings County District Attorney's Office discontinued all the charges save for those pertaining to trespass.

37. Chaya was released on her own recognizance without any bail requirement.

38. Ultimately, after several appearances by Plaintiff before the court, the case against Plaintiff was adjourned in contemplation of dismissal on the condition that Chaya attend two counseling classes and remain free from arrest for six months.

39. An adjournment in contemplation of dismissal is not considered an adjudication of guilt.As a result of the above, Chaya was improperly and illegally incarcerated from June 11, 2017 to June 13, 2017.

40. Chaya's incarceration was improper and illegal because, as evidenced above, the police arrested Chaya without probable cause.

41. Defendants permitted and enabled an unreasonable restriction of Chaya's freedom and liberty as Chaya was subjected to unlawful seizure, false arrest, and false imprisonment.

42. As a result of Defendants' actions, Chaya suffered damages including mental and emotional distress, humiliation, monetary loss, and a violation of her civil and constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
## FEDERAL & STATE FALSE ARREST/IMPRISONMENT

43. Chaya repeats and reiterates each and every allegation contained in paragraphs "1" through "43" of the Complaint herein with the same force and effect as if more fully set forth herein.

44. The City and its agents and/or employees violated the Fourth Amendment, and the New York State Constitution, by arresting Chaya and/or causing her to be arrested without probable cause.

45. The City Defendants and Police Officers John Does 1 – 10 failed to act reasonably in restraining Chaya's liberties and instituting a seizure of her body.

46. The City Defendants and Police Officers John Does 1 – 10 and Police Officers John Does 1 – 10 intended to confine Chaya to a correctional facility against her will.

47. Chaya was conscious of her confinement and did not consent to her confinement.

48. Chaya's confinement by the City Defendants was not lawful.

49. Chaya did not consent to her confinement and strenuously objected to the Police Officers John Does 1 – 10.

50. As a result of the foregoing, Chaya suffered damages including physical injury, mental and emotional distress, humiliation, monetary loss, and a violation of her civil and constitutional rights.

## AS AND FOR A SECOND CAUSE OF ACTION
### 42 U.S.C. §§ 1983, 1988

51. Chaya repeats and reiterates each and every allegation contained in paragraphs "1" through "51" of the Complaint herein with the same force and effect as if more fully set forth herein.

52. The City Defendants, their agents and/or employees, by their conduct towards Chaya as alleged herein, falsely imprisoned and violated the Chaya's constitutional rights.

53. Defendants, their agents and/or employees, by their conduct towards Chaya as alleged herein, violated Chaya's rights guaranteed by 42 U.S.C. § 1983, the Fourth Amendment to the Constitution of the United States, and the New York State Constitution.

54. As a result of the foregoing, Plaintiff suffered damage including mental and emotional distress, humiliation, monetary loss, and a violation of his civil and constitutional rights.

WHEREFORE, Plaintiff Chaya Sara Bar-Chaim demands judgment against the Defendants in this action, jointly and severally for compensatory damages, for punitive damages on each cause of action, awarding Plaintiff's reasonable attorneys' fees, costs and disbursements of this action, and such other and further relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury in this action on each and every one of their claims.

Dated: New York, New York
September 6, 2018

TAMIR LAW GROUP P.C.

/S/ Isaac Zaki B. Tamir
Isaac Zaki B. Tamir, Esq. (IT-0609)
80 Broad Street, Ste. 1302
New York, NY 10004
(212) 444-9970
*Attorneys for Plaintiff*

ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                       )    ss.:
COUNTY OF NEW YORK  )

    I, ISAAC ZAKI B. TAMIR, an attorney admitted to practice in the courts of New York State, state that I am an attorney with the law firm of TAMIR LAW GROUP P.C., the attorneys of record for Plaintiff in the within action; I have read the foregoing COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.  The reason this verification is made by me and not by Plaintiff is that Plaintiff does not reside within the County of New York where affirmant's office is located.

    The grounds of my belief as to all matters not stated upon my own knowledge are as follows: records and information in affirmant's possession.

    I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
       September 6, 2018

                                          /S/ Isaac Zaki B. Tamir
                                          ISAAC ZAKI B. TAMIR