

THE CITY OF NEW YORK

**ZACHARY W. CARTER**
*Corporation Counsel*

## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**BRACHAH GOYKADOSH**
*Assistant Corporation Counsel*
bgoykado@law.nyc.gov
Phone: (212) 356-3523
Fax: (212) 356-1148

July 8, 2019

**By ECF**
Honorable Cheryl L. Pollack
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Chaya Sara Bar-Chaim v. City of New York, et al.*, 18-cv-5065 (JBW) (CLP)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to represent defendant City of New York in the above-referenced matter. In that capacity, I write to respectfully request an adjournment of the settlement conference scheduled for July 17, 2019. Plaintiff consents to this request, which is the first of its kind.

    As the Court is aware, on June 12, 2019, the parties appeared for a status conference. (*See* Docket Entry dated June 12, 2019). At that conference, the parties discussed settling this matter, especially in light of the fact that defendants had served a Rule 68 offer of judgment. Plaintiff's counsel conveyed to defense counsel and the Court that the parties were in the same "ballpark" concerning settlement but expressed his concern regarding his attorneys' fees. Your Honor ordered that by June 27, 2019, plaintiff provide fee records to defendants. While plaintiff has provided fee records, plaintiff allowed the Rule 68 offer of judgment to expire. Unfortunately, these fee records are completely redacted, i.e. it is impossible to determine what counsel is billing for and why. Furthermore, counsel has billed at an inflated rate; while it is not possible to discern from the records who is billing at what rate and why, upon information and belief, the paralegal at the firm representing plaintiff is billing at a rate of $325 per hour while counsel is billing at a rate of $375 per hour. This is contrary to and a departure from the instructions of this Court. *See e.g. Martinez v. City of New York*, 330 F.R.D. 60 (E.D.N.Y. 2019).[1] Nonetheless, in a continued effort to litigate this matter in good faith, defendants have

---

[1] Indeed, plaintiff's counsel is not an "experienced" attorney in this field. This representation is made based on the fact that it appears that counsel is an attorney of record in four other § 1983 cases in the Eastern District of New York and has not litigated any § 1983 cases in the Southern District of New York.

requested that by July 12, 2019, plaintiff provide a global settlement demand, un-redacted timesheets (without producing privileged information), and also fees based on a reasonable hourly rate. Defendants respectfully request that the Court so-order plaintiff to do so, in order that any further settlement conversations be productive.

Furthermore, defendants request that the Court adjourn the settlement conference currently scheduled for July 17, 2019 at 2 p.m. There are multiple reasons for this request. First, the undersigned is no longer available at that time due to an unforeseen personal matter. Second, even if the undersigned were available, as plaintiff's counsel has not properly provided his timesheets and/or any settlement demand, the parties cannot meaningfully engage in any pre-settlement conference conversations. Third, and finally, once plaintiff does provide this information, defendant requires an opportunity to evaluate the demand and the productiveness of any further settlement conversations. The parties have conferred and would be available for a settlement conference any time during the week of August 5, 2019, except after 12 p.m. on Friday, August 9, 2019.

In that vein, defendant also respectfully request that the Court require Ms. Bar-Chaim's presence at any settlement conference. While at the previous conference, plaintiff's counsel indicated that Ms. Bar-Chaim lives in Philadelphia and therefore it would be difficult for her to travel to New York City for a conference, defendant believes that it would be most productive if she was present. Indeed, Philadelphia is an approximately an hour and a half drive away from the City of New York, the sole defendant to this action. Requiring her to attend the settlement conference in the civil rights action that she brings so that this matter can be resolved is not a hardship.

Thus, defendants respectfully request that the Court: (1) adjourn the settlement conference currently scheduled for July 17, 2019 to any time during the week of August 5, 2019 except August 9, 2019 after 12 p.m., or any other time convenient for the Court; (2) order plaintiff to convey a global demand, an unredacted or less redacted timesheets, and fees based on a reasonable rate for an attorney who has litigated four cases in this District by July 12, 2019; and (3) the Court order Ms. Bar-Chaim to attend any settlement conference.

Thank you for your consideration herein.

Respectfully submitted,

/s/

Brachah Goykadosh
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: Andrew Justin Kurtz
    Zaki Isaac B. Tamir
    *Attorney for Plaintiff*
    Tamir Law Group PC
    30 Broad Street 14th Floor
    New York, New York 10004